U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 AUG 31 PM 3:57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MELVIN FAUCHEAUX | CIVIL ACTION |
| versus | NO. 08-3947 |
| BURL CAIN, WARDEN | SECTION: "R" (6) |

## REPORT AND RECOMMENDATION

Petitioner, Melvin Faucheaux, is a state prisoner incarcerated at the Louisiana State penitentiary in Angola, Louisiana. On February 24, 2005, he was convicted of distribution of hydrocodone (counts 1, 2, and 5), distribution of methadone (counts 3, 6, and 11), distribution of oxycodone (count 4) and distribution of alprazolam (count 7), in violation of LSA-R.S. 40:967(A). Faucheaux was also found guilty of possession with intent to distribute hydrocodone (count 8), methadone (count 9), and oxycodone (count 10), in violation of LSA-R.S. 40:969(A). Defendant was sentenced on March 18, 2005 to twenty-five years on counts 1, 2, 5, and 8 to be served concurrently with each other, to twenty-five years on counts 3, 6, 9, and 11 to be served concurrently with each other, to twenty-five years on counts 4 and 10 to be served concurrently with each other, and to five years on count 7. The judge ordered

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

that the twenty-five year sentences run consecutive to one another and to the five year sentence, for a total of eighty years imprisonment at hard labor.[1]

Petitioner's conviction and sentence were affirmed by the Louisiana Fifth Circuit Appeal on November 28, 2006.[2] Petitioner did not seek a writ of certiorari with the Louisiana Supreme Court.

On December 27, 2006, Faucheaux filed a motion to correct illegal sentence with the state district court which was denied on January 9, 2007.[3] On or about May 15, 2007, petitioner filed an application for post-conviction relief in the 24th Judicial District Court, Parish of Jefferson, Louisiana, raising seven claims.[4] Six of the seven claims were denied as procedurally barred (claims 1, 2, 4-7) by the state district court and a response was ordered from the State on claim three, ineffective assistance of counsel (a claim which contained 5 sub-parts).[5] Appellate review of the procedurally barred claims was requested and relief was

---

[1] State Rec. Vol. 1 of 6.

[2] *State v. Faucheaux*, 947 So.2d 101(La. App. 5th Cir. 2006)(No. 06-KA-496). On direct appeal, petitioner raised the claims that his sentences, aggregated together to total a term of 80 years, were excessive, and he requested patent error review. A copy of this decision can be found in State rec. Vol. 1.

[3] State Rec. Vol. 2 of 6. The motion to correct illegal sentence was signed by petitioner on December 27, 2006 and filed on January 4, 2007.

[4] State Rec. Vol. 1, PCR application signed May 15, 2005.

[5] State Rec. Vol. 2 of 6 contains a copy of the trial court's ruling dated April 19, 2007.

denied by the Louisiana Court of Appeal on May 22, 2007 (writ no. 07-338).[6] The trial court subsequently denied the ineffective assistance of counsel claim (and its various sub-parts) on June 1, 2007[7] and appellate review of this ruling resulted in a denial of relief by the Louisiana Fifth Circuit Court of Appeal on July 26, 2007.[8] All claims were reviewed and rejected by the Louisiana Supreme Court on April 4, 2008 (writ no. 07-1432).[9]

On or about May 16, 2008, petitioner filed the instant federal habeas application.[10] In support of his application, he claims: 1) That the state trial judge should have recused himself from handling his case; 2) that the trial court allowed the prosecutor to make improper comments during closing arguments; 3) that he was denied the effective assistance of counsel (containing 5 sub-parts); 4) that the sentence imposed was "cruel and unusual punishment" due to the sentencing court's use of an erroneous factual basis and as a result of judicial bias; 5) that the burden of proof was unconstitutionally shifted to petitioner; 6) that the trial court erred in allowing witnesses Harrison and Krone to testify as experts; and, 7) that petitioner was denied due process and equal protection when the state used other

---

[6] A copy of this decision can be found at State Rec. Vol. 2 of 6.

[7] A copy of this decision is located in State Rec. Vol. 2 of 6.

[8] State Rec. Vol. 2 of 6, Ruling dated 7/26/07, Writ no. 07-KH-511.

[9] State Rec. Vol. 5 of 6 contains a copy of this decision.

[10] Rec. Doc. 1. Faucheaux signed and dated his application on May 12, 2008 and then again dated it on May 16, 2008. See Rec. Doc. 1 at p. 60 of Memorandum and page 61 "Verification of Application For Writs". The court uses the later date since petitioner could not have tendered the application for mailing until at least May 16, 2008.

crimes and prejudicial evidence against him.

On July 31, 2008, petitioner filed a writ with the Louisiana Supreme Court in docket number 08-KH-1741, therein asserting that the Louisiana Fifth Circuit Court of Appeal had provided inadequate review of his post-conviction claims.[11] In *State v. Cordero*, 993 So.2d 203 (La., October 3, 2008), the Louisiana Supreme Court transferred Faucheaux's case, along with several hundred other similar applications, to the Louisiana Court of Appeal, Fifth Circuit for reconsideration.[12] Faucheaux subsequently filed a motion to hold his federal petition in abeyance with this court, claiming that his federal habeas action should be stayed until the state court review pursuant to *Cordero* is completed. The state was ordered to file a response to the motion to hold the petition in abeyance and did comply with said order on February 21, 2009.[13]

In its initial response to this motion, the State did not take a specific position on whether they opposed the granting of a motion to stay in this case. Instead, the State

---

[11] State Rec. Vol. 6 of 6 contains a copy of petitioner's *pro se* writ.

[12] The Louisiana Constitution provides that each State Court of Appeal "shall sit in panels of at least three judges selected according to rules adopted by the court." La. Const. art. V, §8(A). However, the judges of the Louisiana Court of Appeal, Fifth Circuit, instituted a procedure in 1994 which circumvented this constitutional requirement with regard to *pro se* prisoner post-conviction applications. As a result of this procedure becoming public knowledge, many prisoners claimed their rights had been violated and sought relief from the Louisiana Supreme Court. The Louisiana Supreme Court responded, in *Cordero*, by remanding many of these prisoner applications for consideration by the five judges on the Louisiana Court of Appeal, Fifth Circuit, who had not previously participated in the faulty practice of appellate writ review.

[13] See Rec. Docs. 13 and 14.

responded, "If this Honorable Court decides that a stay in this case would merely prolong federal habeas review to no avail, contravening AEDPA's goal of finality of federal petitions, then the motion should be denied."[14] The state then pointed out that six of petitioner's seven claims that were transferred by the Louisiana Supreme Court to the Louisiana Court of Appeal, Fifth Circuit, were procedurally denied by the trial court and one transferred claim was denied on the merits by the trial court. The state also reiterated that it had earlier claimed that the issues raised in Faucheaux's petitioner were exhausted but did not specifically address, in its response to the motion for stay, whether the claims should still be considered as exhausted in light of the *Cordero* remand. Through its research, the court became aware that the state (through the same district attorney's office, i.e., Jefferson Parish) has previously taken the position in *Sims v. Cain*, 2009 WL 700680 (E.D. La. March 13, 2009), a case in a similar procedural posture as the instant case, that a petitioner's claims were *unexhausted* in light of pending review by the Louisiana Court of Appeal pursuant to *Cordero*. The court noted also that the state previously did not opposed a stay pending *Cordero* review in *Williams v. Cain*, 2009 WL 1026138 (E.D. La., April 15, 2009)(Africk, J.). Therefore, a staff member of the undersigned Magistrate Judge contacted the Office of the District Attorney, Jefferson Parish, to request the state's position with regard to whether the stay should be granted or denied.

---

[14]See Rec. Doc. 14 at p. 2.

On August 28, 2009, the assigned assistant district attorney submitted a letter to the court in which the state indicates that there is no opposition to the granting of a stay in this case pending *Cordero* review.[15]

Just recently, in *Evans v. Cain*, a habeas petitioner sought a stay of his action from the U.S. Fifth Circuit Court of Appeals while he was seeking "re-review" of his claims in the Louisiana Court of Appeal, Fifth Circuit according to the Louisiana Supreme Court's opinion in *State v. Cordero*, 993 So.2d 203 (La. 2008). *See Evans*, – F.3d –, 2009 WL 2370879 (5th Cir., August 4, 2009)(per curiam). The U.S. Fifth Circuit denied the motion. The court specifically found that the circumstances of Evans case did not justify a stay as: 1) Evans did not argue that his claims would be barred from review by the state court if reviewed by the U.S. Fifth Circuit, 2) neither party argued that the claims were unexhausted; 3) a stay would only further delay a three- year- long federal habeas proceeding; and, *importantly,* 4) the court was only faced with one issue, which was a question of state law that was not likely cognizable on federal review and for which the federal court would have to give deference to the state courts, if cognizable. The *Evans* court additionally noted, however, that the situation before it was "unlike that of a district court facing a *Cordero*-based motion to stay filed at the very onset of a federal habeas proceeding. A district court must carefully assess whether the circumstances of each case justify a stay . . . and we do not

---

[15]See Letter dated August 28, 2009, from the Jefferson Parish District Attorney's office, attached to this Report and Recommendation.

address the boundaries of the district court's discretion to grant a stay other than to point out that such discretion is limited by the purposes of AEDPA." *Evans* at *2 n. 2, citing *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). The court thus finds that the denial of a stay request in *Evans* does not require the denial of a stay in the instant case.

Although the court recognizes that a stay should be granted in limited circumstances, *see e.g., Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the court considers the following factors in determining that a stay is appropriate in this case. Although staying a federal habeas petition could frustrate AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings, in this case the delay is not attributable to petitioner. Faucheaux timely presented his claims at the appropriate levels of the state courts in order to give the state courts an opportunity for full and fair review of his issues. However, the state appellate court's failure to comply with proper procedures has now resulted in a remand of petitioner's claims to that court. Thus any delay in this case is attributable to the state courts rather than to petitioner. Moreover, whether or not petitioner achieves any relief from the state courts as a result of *Cordero* review, without a stay being granted, it may be too late for this court to conduct habeas review of Faucheaux's claims when he returns to federal court after *Cordero* review is completed. "A stay may be justified, however, when a petitioner 'runs the risk of forever losing [his] opportunity for any federal review of [his] unexhausted claims.'"

*Evans*, at *4. Additionally the court notes that the U.S. Supreme Court has cautioned against piecemeal litigation in habeas proceedings. *See Duncan v. Walker*, 533 U.S. 167, 180 (2001)] ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A habeas petition should not be stayed indefinitely. Though, generally, a prisoner's "principal interest ... is in obtaining speedy federal relief on his claims," [*Rose v. Lundy*, 455 U.S. 509, 520 (1982)] (plurality opinion), not all petitioners have an incentive to obtain federal relief as quickly as possible. In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death. Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, *e.g.*, [*Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)] ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed").

Accordingly, applying the factors discussed in *Rhines*, the court finds that petitioner had "good cause" for his failure to complete the state review process. Second, while this

Court does not express an opinion as to whether petitioner will ultimately be entitled to relief based on the claims now being reviewed pursuant to *Cordero*, the court does not find petitioner's claims to be "plainly meritless."

Third, the timeliness of petitioner's application does not appear to be a concern as the State has conceded that the application is timely filed in this court. Additionally, there is no evidence whatsoever that petitioner has engaged in abusive litigation tactics or intentional delay.

In light of the considerations noted above and the State's agreement to a stay in this case, the Court finds that a stay is appropriate.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that petitioner's motion to stay these proceedings be **GRANTED** and that the Clerk of Court mark this action **CLOSED** for statistical purposes. **IT IS FURTHER RECOMMENDED** that petitioner be ordered to return to federal court to pursue his federal habeas claims within thirty (30) days of the completion of the state appellate court's *Cordero* review, or, of timely review of any denial of that application by the Louisiana Supreme Court.

**IT IS FURTHER RECOMMENDED** that the Court retain jurisdiction in this matter and that petitioner be allowed to file a motion to reopen these within thirty (30) days after completion of the state review process pursuant to *Cordero*.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 31st day of August, 2009.

LOUIS MOORE, JR.
**UNITED STATES MAGISTRATE JUDGE**